IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK BRETT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 15-3711 |
| | : | |
| v. | : | |
| | : | |
| LAURIE SAMPSON, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                        September 21, 2015

A *pro se* plaintiff has commenced a purported 42 U.S.C. § 1983 action against six defendants, and he has filed an application to proceed *in forma pauperis*, a motion to file the case under seal, and a motion for the appointment of counsel.  Although the court will grant the plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 because it appears that he is incapable of paying the fees necessary to commence this action, the court will dismiss the complaint because it is frivolous and otherwise fails to state a cognizable claim for relief.  The court will also deny the motion to seal the case and the motion seeking the appointment of counsel.

## I.      BACKGROUND

The *pro se* plaintiff, Frank Brett, a Philadelphia resident, commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application"), a motion to file the case under seal, a motion for the appointment of counsel, and a complaint on June 30, 2015.  Doc. No. 1.  In the complaint, the plaintiff identifies six defendants in the caption:  Laurie Sampson,

Felicia Bruno, Reverend Love, Reverend Sam Peak, Steve Carramunche, and "Mrs. Fishman."[1]
*Id.*  In addition, the plaintiff asserts that the court has subject-matter jurisdiction over the action under 28 U.S.C. § 1331 because he is bringing a cause of action under 42 U.S.C. § 1983. Compl. at 2.

Regarding the substance of the complaint, the plaintiff includes some of his allegations in the body of a five-page form complaint and the remaining allegations in approximately 58 pages of handwritten additional allegations and information.  Throughout the approximately 63 pages comprising the complaint, the plaintiff's allegations are consistently rambling, unclear, and nonsensical.  The complaint is best described as a narrative of events dating back to 2003 in many instances, and to the mid-1990s in other instances.  Many of the events appear to relate to the plaintiff's role as a supposed informant for the federal government and include allegations against numerous individuals that are not named as defendants in this case.  Some of the highlights of the plaintiff's rambling narrative include the following:

- Numerous references to people following him.

- The City of Philadelphia Police Department firebombing some of his insurance documents in June 2010.

- Vance Worley, a former pitcher for the Philadelphia Phillies, being involved with "logistics" and being traded by the Phillies because of his involvement in actions taken against the plaintiff.

- Various individuals from CBS defaming his character and "commit[ting] a [f]elony against me and Alicia Lane my friend from CBS."

- The plaintiff secretly sending Alicia Lane "logistics" in her case against Larry Mente and Dawn Staley.

- Four men and their female cousins telling two other men to kill him in July 2003.

---

[1] The plaintiff handwrote the names of the parties and the court attempted to interpret the names of the defendants as best as possible in light of the plaintiff's poor handwriting.

- "The Feds" recording him off his cell phone in July 2003.

- His witnessing 126 felonies as an alleged federal informant.

- "All of the [r]esidents at the Bethesda Mission commit[ing] a [f]elony against me with (white man) Dave Unknown singing Victory is Mine song."

- Various individuals, over a six-year period, us[ing] 270 men to stalk him with the Health and Human Services Department.

- Individuals brain-washing him to cover-up the murder of his father.

- The plaintiff having been run over by 13 cars, "stabbed at" 2 times, and shot at 4 times.

- The plaintiff's ex-wife having killed his father and being a member of the Mafia.

*See* Compl. and Attachment (describing incidents).  In addition to these allegations, the plaintiff lists (over the course of more than 50 pages of handwritten text) hundreds, if not thousands, of apparent license plate numbers of vehicles carrying individuals that were allegedly following him at various times and locations in 2010, 2014, and 2015.  *See* Attachment to Compl.

It appears that the plaintiff is attempting to assert a cause of action under 42 U.S.C. § 1983 against the defendants.  *See id.*  Among other asserted forms of relief, the plaintiff seeks one million dollars from each defendant and injunctions against people (including people not named as defendants) who have been stalking him.  *See* Compl. at 2.  He also seeks an injunction against "Desean Jackson formerly of the [E]agles, Donovan McNab[b] + cousin, Mike Quick + cousin, Keith Byers + 5 cousins, Hugh Douglas + his cousin, Tyrel [sic] Owens, Elton Brand 76ers, Mike Vick, [and] Andy Reid," even though they are not named defendants in the caption, because they all defamed his character over the past six years and he has them in his "logistics." *Id.*

3

## II.        DISCUSSION

### A.        The IFP Application

Regarding requests to proceed *in forma pauperis*, the court notes that

any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a).  When addressing requests to proceed *in forma pauperis* under section 1915, district courts undertake a two-step analysis:  "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a).  Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[2]

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit.  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*.  *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP Application, it appears that the plaintiff is unable to pay the costs of suit.  Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

---

[2] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub. L. No. 104-135, 110 Stat. 1321 (1996)).  The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i).  *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

4

**B.**    **Review of the Complaint Under 28 U.S.C. § 1915(e)(2)(B)**

**1.**    **Grounds for *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted.   *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted").  A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory."  *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint.  *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Regarding the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "[a] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"[3] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## 2.    Analysis

This action is one of many actions that the plaintiff has filed in this federal court, almost

all of which the court has dismissed as being frivolous and, if not as being frivolous, for the

plaintiff's failure to state a claim.[4] In this case, the plaintiff's complaint is simply a recitation of

---

[3] Similar to the court's review as to whether a *pro se* complaint is frivolous, the court is mindful that no matter how "inartfully pleaded, [*pro se* complaints] must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Despite this more liberal pleading standard, a *pro se* complaint must still contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Maxberry v. Sallie Mae Educ. Loans*, 532 F. App'x 73, 75 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

[4] *See Brett v. Belmont Baptist Church, et al.*, No. 2:14-5172 (dismissing action as frivolous on September 12, 2014); *Brett v. Ruffin, et al.*, No. 2:14-cv-4445 (dismissing action as frivolous on August 1, 2014); *Brett v. Mr. Cooth, et al.*, No. 2:14-cv-3405 (dismissing action as frivolous and for failure to state a claim on June 12, 2014); *Brett v. State Senator Vincent Fumo, et al.*, No. 2:14-cv-3129 (dismissing action as frivolous on June 12, 2014); *Brett v. Brady, et al.*, No. 2:14-cv-2704 (dismissing action as frivolous on May 13, 2014); *Brett v. Erica Unknown (Federal Court Clerk) Black Female*, No. 2:13-cv-7549 (dismissing action as frivolous on January 8, 2014); *Brett v. Mrs. Ya Ya*, No. 2:13-cv-7394 (dismissing action as frivolous on December 20, 2013); *Brett v. Carramunche, et al.*, No. 2:13-cv-6448 (dismissing action as frivolous on November 7, 2013); *Brett v. U.S. Marshal Gary Unknown, et al.*, No. 2:13-cv-4522 (dismissing action as frivolous on August 12, 2013); *Brett v. Unknown Internal Rev. Serv. Male Agent, et al.*, No. 2:13-cv-3941 (dismissing action as frivolous on July 9, 2013); *Brett v. Phyliss Hill (Judge), et al.*, No. 2:12-cv-6943 (dismissing action for the failure to state a claim and comply with Rule 8(a) of the Federal Rules of Civil Procedure on December 14, 2012; the plaintiff never filed an amended complaint); *Brett v. U.S. Marshal John (Italian)*, No. 2:12-cv-6626 (dismissing action as frivolous on November 28, 2012); *Brett v. Philadelphia Police Dep't Unknown White Older Cop*, No. 2:12-cv-6566 (dismissing action as frivolous on November 26, 2012); *Brett v. Lavender*, No. 2:12-cv-6406 (dismissing action as frivolous on November 16, 2012); *Brett v. Carramunchse*, No. 2:12-cv-6307 (dismissing action for failure to state a claim on November 14, 2012); *Brett v. U.S. Marshals*, No. 2:12-cv-6199 (dismissing action without prejudice for failure to state a claim on November 7, 2012; the plaintiff never filed an amended complaint); *Brett v. Unknown Black Female U.S. Mail Carrier, et al.*, No. 2:12-cv-5827 (dismissing action as frivolous on October 22, 2012); *Brett v. Gertz, et al.*, No. 2:12-cv-5798 (permitting the plaintiff to file an amended complaint to comport with Rule 8(a) of the Federal Rules of Civil Procedure on October 22, 2012 (entered on docket on October 23, 2012); the plaintiff never filed an amended complaint); *Brett v. John the Unknown, et al.*, No. 2:12-cv-4599 (dismissing action as frivolous on August 23, 2012); *Brett v. Lauff, et al.*, No. 2:12-cv-4004 (dismissing action for failure to state a claim and the plaintiff's failure to file an amended complaint on August 22, 2012); *Brett v. Greene, et al.*, No. 2:12-cv-3589 (dismissing without prejudice action for failure to state a claim on June 28, 2012; the plaintiff never filed an amended complaint); *Brett v. Brenen, et al.*, No. 2:12-cv-2964 (dismissing action as frivolous on June 1, 2012); *Brett v. Giorgini, et al.*, No. 2:12-cv-1571 (dismissing without prejudice action for failure to state a claim on April 2, 2012; the plaintiff never filed an amended complaint); *Brett v. Izzi, et al.*, No. 2:11-cv-6899 (dismissing action for failure to state a claim on November 9, 2011); *Brett v. Izzi, et al.*, No. 2:11-cv-5969 (dismissing action as frivolous on September 26, 2011); *Brett v. President Barack Obama, et al.*, No. 11-cv-5562 (dismissing action as frivolous on September 15, 2011); *Brett v. Fed Ex (2 Employees), et al.*, No. 2:11-cv-5350 (dismissing action as frivolous on August 25, 2011); *Brett v. Marsella, et al.*, No. 2:11-cv-4477 (dismissing action as frivolous on July 26, 2011); *Brett*

random events at random times and appears to be part of the plaintiff's participation in various events as a supposed informant for the federal government.  These allegations are frivolous insofar as they lack an arguable basis in law or fact.

The court recognizes that despite the convoluted and somewhat preposterous allegations in the complaint, the plaintiff alleges that one named defendant, Laurie Sampson, purportedly failed to file a case of his relating to the facts included in this complaint.  He also appears to assert general claims that various state and federal officials failed to investigate alleged "felonies" against him.  He further poses general allegations of defamation, including one specifically against individuals, including Laurie Sampson, for calling him "gay and Forrest Gump."  All of these claims are either frivolous or fail to state a claim.

In the first instance, the plaintiff cannot maintain a cause of action against Laurie Sampson for purportedly failing to file documents relating to this case because (1) it is unknown from the complaint how Laurie Sampson would be in a position to file cases on his behalf, and (2) even if she was in a position to file documents with the court, the plaintiff's allegations in this case are so frivolous such that he would never be entitled to relief because he could not prove that his claim has merit or that he suffered damages due to the purported failure to accept another of his filings related to the allegations in this case.  Secondly, to the extent that the plaintiff is basing claims on various federal or state government officials failing to investigate alleged

_v. Judge James Nilon, Jr., et al._, No. 2:11-cv-3135 (dismissing action as frivolous on May 20, 2011); _Brett v. Bracken, et al._, No. 2:11-cv-2352 (dismissing action as frivolous on April 15, 2011); _Brett v. Berman, et al._, No. 2:10-cv-4389 (dismissing action as frivolous on October 14, 2010); _Brett v. Donahue, et al._, No. 2:10-cv-3797 (denying without prejudice motion to proceed _in forma pauperis_ and allowing the plaintiff to file an amended complaint or risk dismissal with prejudice on August 5, 2010; the plaintiff never filed an amended motion or amended complaint); _Brett v. Philadelphia Police Dep't, et al._, No. 2:10-cv-1777 (dismissed without prejudice action for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure; the plaintiff never filed an amended complaint or completed _in forma pauperis_ motion); _Brett v. City of Orlando, Florida Police Dep't, et al._, No. 2:09-cv-5789 (dismissing action for failure to state a claim on January 12, 2010); _Brett v. Sellers Library, et al._, No. 2:09-cv-3132 (dismissing action as frivolous on July 17, 2009); _Brett v. Senator Vincent Fumo, et al._, No. 2:08-cv-5080 (dismissing action as frivolous on October 28, 2008); _Brett v. United States of Am., et al._, No. 2:08-cv-4306 (dismissing action as frivolous on September 10, 2008).

felonies against him, these claims fail to state a claim.  *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) ("[T]here is no federal right to require the government to initiate criminal proceedings."); *Graw v. Frantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (affirming dismissal based on allegations that police officers failed to investigate constitutional violations because "an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim" (quotations omitted)).  Finally, the plaintiff's allegations of purported defamation fail to state a claim because the statements that the plaintiff is gay or Forrest Gump are not capable of a defamatory meaning.  *See MacElree v. Philadelphia Newspapers, Inc.*, 674 A.2d 1050, 1053 (Pa. 1996) ("[I]n an action for defamation, it is the court's duty to determine if the publication is capable of the defamatory meaning ascribed to it by the party bringing suit."); *see also Kryeski v. Schott Glass Techs., Inc.*, 626 A.2d 595 (Pa. Super. 1993) (explaining that "certain types of communications, although undoubtedly offensive to the subject, do not rise to the level of defamation" and also indicating that "name-calling" is a type of non-defamatory communication).[5]

As the court is dismissing the complaint, the court must also address whether to provide the plaintiff with leave to amend the complaint.  A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile.  *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule).  The plaintiff's

---

[5] To establish a claim for defamation in Pennsylvania, the plaintiff must prove:

    (1) The defamatory character of the communication;
    (2) Its publication by the defendant;
    (3) Its application to the plaintiff;
    (4) The understanding by the recipient of its defamatory meaning;
    (5) The understanding by the recipient of it as intended to be applied to the plaintiff;
    (6) Special harm resulting to the plaintiff from its publication; and
    (7) Abuse of a conditionally privileged occasion.

42 Pa. C.S. § 8343(a).

claims in the complaint are frivolous or not supported by sufficient allegations to state plausible claims for relief.  As such, allowing the plaintiff to file an amended complaint would be futile in this case.

### C.        Motion for Appointment of Counsel

As indicated above, the plaintiff moves to have the court appoint counsel on his behalf. Generally, indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) ("Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel.").  Nonetheless, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Under section 1915(e)(1), the court has "broad discretion" in deciding whether to appoint counsel.  *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (explaining that trial courts have "broad discretion" under section 1915 "to request an attorney to represent an indigent civil litigant").  Nonetheless, before appointing counsel to an indigent plaintiff, the court must first determine whether the case has arguable factual and legal merit.  *Id.* at 155.

Here, the court has already determined that this case is frivolous and otherwise fails to state a claim upon which relief may be granted.  Accordingly, the case lacks factual or legal merit and the court will deny the plaintiff's request for the appointment of counsel.

### D.        Motion to Seal

The plaintiff has also requested that the court seal this case.  Presumably, the plaintiff has moved to seal the case because he is a purported federal informant.  Regarding motions to seal,

> [a] party seeking to seal a portion of the judicial record bears the burden of demonstrating that "disclosure will work a clearly defined and serious injury to the party seeking disclosure," *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994), and, further that "[a] party who seeks to seal an *entire* record faces an even heavier burden."  *Id.* (emphasis in original).

*Hart v. Tannery*, 461 F. App'x 79, 81 (3d Cir. 2012) (emphasis in original).  Here, the plaintiff has not satisfied any showing that the court should seal any document, much less the entire record.  Therefore, the court will also deny the motion to seal.

### III.    CONCLUSION

Although the plaintiff has provided sufficient allegations in the IFP Application to warrant the court granting him leave to proceed *in forma pauperis*, his complaint is frivolous and fails to otherwise state a claim upon which relief may be granted.  As such, the court will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(1)-(2) and will not grant the plaintiff leave to filed an amended complaint because doing so would be futile.  Additionally, the court will deny the motion seeking appointment of counsel due to the frivolous and meritless nature of the plaintiff's allegations.  Finally, the plaintiff has not articulated any cognizable basis that would warrant sealing any part of the current record.

An appropriate order follows.

BY THE COURT:


/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.